UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
**ABRAHAM JOSEPH**,                                           :
                                                              :
                                  Plaintiff,                  :
                                                              :   **MEMORANDUM DECISION AND**
                                                              :   **ORDER**
                          – against –                         :
                                                              :   22-CV-7335 (AMD) (VMS)
                                                              :
**DELTA AIR LINES, INC.**,                                    :
                                                              :
                                  Defendant.                  :
                                                              :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff is suing the defendant for injuries he claims to have suffered on August 18,

2021 at LaGuardia Airport, after the defendant's employees instructed him to leave the airplane

on which he was a ticketed passenger.  The plaintiff brings claims of battery, assault, negligence,

and negligent hiring, training, retention, and supervision.

Before the Court is the defendant's motion for summary judgment.  For the reasons

explained below, the motion is granted.

## BACKGROUND

**I.      Factual Background**

On August 18, 2021, the plaintiff was "a confirmed passenger on Delta flight DL 2396

traveling from LaGuardia Airport to Orlando International Airport."  (Def. 56.1 ¶ 1.)[1]  Greg

Anderson, a flight attendant, greeted the plaintiff as he boarded the flight.  (*Id.* ¶ 2.)[2]  According

to Anderson, the plaintiff said "Hello," but his speech was "slur[red]" and the plaintiff "stumbled

and fumbled with his bag."  (*Id.* ¶¶ 7–11.)  The plaintiff denies that his speech was slurred or that

---

[1] Both parties' 56.1 statements can be found at ECF No. 14.

[2] Anderson is not a defendant in this action.

he stumbled.  (*See id.* (responses).)  Anderson notified the flight captain and a Red Coat — "a Delta employee who serves as an advocate for passengers who encounter issues in the terminal or while boarding" — that he thought the plaintiff was intoxicated.  (*Id.* ¶¶ 17–18.)

The Red Coat on duty, Candaisy Patterson, asked the plaintiff to deplane.  (*Id.* ¶¶ 19, 22.)[3]  According to Patterson, the plaintiff "walked slowly, slumped and sluggish" when he deplaned.  (*Id.* ¶ 28.)  The plaintiff denies that statement.  (*Id.* (response).)

The plaintiff spoke with Patterson, Anderson, and the flight captain on the jet bridge.[4] (*Id.* ¶¶ 30–33.)  The plaintiff asked Anderson why he had to deplane, and Anderson responded that the plaintiff appeared to be intoxicated.  (*Id.* ¶¶ 31–32.)  The captain "advised [the plaintiff] that he would be permitted to travel on the flight if [he] agreed not to consume any alcohol on board."  (*Id.* ¶ 33.)[5]  In response, the plaintiff denied that he had been drinking.  (*Id.* ¶¶ 34–35.) According to Patterson, the plaintiff then "began cursing loudly" and yelling to be let on the flight.  (*Id.* ¶ 36.)  The plaintiff denies he was cursing but admits that he was yelling.  (*Id.* (response).)

The captain advised the plaintiff that he would not be permitted back on the flight because of his "tone," and he ordered the plaintiff to leave.  (*Id.* ¶¶ 40–41.)  The plaintiff responded, "I'm not moving because I didn't do anything wrong," and refused to move unless law enforcement removed him.  (*Id.* ¶¶ 42–43.)  Patterson alerted the Air Traffic Control Tower. (*Id.* ¶ 44.)  As the Delta crew "attempted to get [the plaintiff] out of the aircraft doorway," the plaintiff "proceeded to lunge towards Anderson in an attempt to get back on the plane."  (*Id.*

---

[3] Patterson is not a defendant in this action.

[4] The flight captain is not a defendant in this action.  It is not clear from the record when the flight captain joined the conversation, but this fact makes no difference for resolution of the motion.

[5] The parties disagree about which Delta employee made this statement to the plaintiff, but the defendant does not dispute that one of them said it.  (*See* ECF No. 17-11 at 8–9; Def. 56.1 ¶ 40.)

¶¶ 50–51 (cleaned up).) The plaintiff maintains that he did not lunge at Anderson; rather, he alleges that Anderson initiated physical contact and "choked him by the neck" in an effort to move him out of the doorway, and that the "other two Delta employees [] started helping [Anderson]" by slamming the plaintiff against the wall. (*Id.* (response).) According to Patterson, the plaintiff tried to hold the plane door open and cut his fingers in the process. (*Id.* ¶¶ 55–56.) The plaintiff admits he cut his finger but denies that he was trying to hold the aircraft door open. (*See id.* (responses).)

The Port Authority "responded to a call for a possible intoxicated male" and arrived at the scene. (*Id.* ¶ 58.) According to the responding Port Authority Police Officer, the plaintiff was on the jet bridge "slurring his words and acting irate." (*Id.* ¶ 59.) The plaintiff denies that he was irate or slurring, but admits that he was "crying" "because these people [had] just basically beat [him] up." (*Id.* (response).) The Port Authority Police escorted the plaintiff off the jet bridge. (*Id.* ¶¶ 60–61.) The plaintiff eventually received treatment for wrist, neck, and back pain, which he attributes to this altercation. (*Id.* ¶¶ 69–81.)

## II.   Procedural History

On August 17, 2022, the plaintiff brought this lawsuit in the Supreme Court of the State of New York for Kings County against the following defendants: Delta; John Doe, "a fictitious name intended to be a pilot operating on behalf of" Delta; and Jane Doe, "a fictitious name intended to be a flight attendant operating on behalf of" Delta. (*See* ECF No. 1.) The plaintiff asserts causes of action for battery, assault, and negligence against John and Jane Doe, and negligent hiring, training, retention, and supervision against Delta. (ECF No. 1-1.)[6] He seeks

---

[6] During the October 26, 2023 pre-motion conference, the plaintiff's counsel withdrew 42 U.S.C. §§ 1981, 2000d, N.Y. Exec. Law § 296 and N.Y. Admin. Code § 8-101 claims for intentional discrimination.

damages for injuries he alleges he sustained during the dispute.  (*Id.* ¶¶ 6–31.)  The defendant removed the action to federal court on December 2, 2022.  (ECF No. 1.)

On November 30, 2023, the defendant moved for summary judgment.  (ECF No. 17.) The plaintiff opposes.  (ECF No. 20.)

## LEGAL STANDARD

Summary judgment is appropriate if the parties' submissions — including pleadings, deposition transcripts, affidavits, and other documents in the record — show that there is "no genuine dispute as to any material fact," and the movant is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The movant has the burden of showing that there are no genuine disputes of material fact.  *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party opposing summary judgment must identify specific facts and affirmative evidence showing that there is a genuine issue for trial.  *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The "mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  *Liberty Lobby*, 477 U.S. at 252.  Moreover, the nonmoving party must do more than point to "some metaphysical doubt as to the material facts."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  He must instead identify the "specific facts" that demonstrate a genuine issue for trial,

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and "offer some hard evidence showing that its version of events is not wholly fanciful," *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). If the nonmoving party's "evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Liberty Lobby*, 477 U.S. at 249–50 (citation omitted).

The Court views "the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor." *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010). "It is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (citation, internal quotation marks, and alterations omitted).

## DISCUSSION

Delta argues that summary judgment is appropriate on the merits of the plaintiff's New York state law tort claims.[7] The Court agrees and grants summary judgment in favor of Delta.

## I.     Battery, Assault and Negligence Claims Against John and Jane Doe

The plaintiff asserts battery and assault claims only against John Doe, "a fictitious name intended to be a pilot operating on behalf of" the defendant, and Jane Doe, "a fictitious name intended to be a flight attendant operating on behalf of" the defendant. (*See* ECF No. 1 at 12–13 (first and second causes of action).) The plaintiff also brought one negligence claim solely against John and Jane Doe. (*See id.* at 15–16 (third cause of action).)[8] The plaintiff never

---

[7] This Court's jurisdiction over the action is based in diversity jurisdiction, and the parties agree that New York state law governs the tort claims in this action. (*See* ECF Nos. 17-11, 20.)

[8] The plaintiff's negligence claim is also not viable because "based on a reading of the factual allegations, the essence of the cause of action is . . . assault [and] the plaintiff [] cannot exalt form over substance by labeling the action as one to recover damages for negligence." *Anderson v. Burlington Ins. Co.*, No. 19-

moved to amend his complaint to name these defendants or serve the complaint upon these

defendants.  Accordingly, the plaintiff's battery, assault, and negligence claims against John and

Jane Doe are dismissed in their entirety without prejudice.  *See* Fed. R. Civ. P. 4(m) (mandating

dismissal without prejudice of claims against a defendant that is not served within 120 days after

the complaint is filed); *see, e.g.*, *Dewitt v. Home Depot U.S.A., Inc*., No. 10-CV-3319, 2012 WL

4049805, at *1 (E.D.N.Y. Sept. 12, 2012) (dismissal of plaintiff's claims against fictitious

defendants appropriate where the plaintiff failed to amend his complaint to name those

defendants or serve the complaint upon those defendants).

## II.     Negligent Hiring, Retention, Supervision, or Training Claim Against Delta

The only remaining claim in this action is the plaintiff's claim against Delta for negligent

hiring, retention, supervision, or training.  (ECF No. 1 at 16–19 (fourth cause of action).)

Even assuming that a Delta employee tortiously harmed the plaintiff, the negligent hiring

claim against Delta cannot withstand summary judgment.  In order to support a claim of

negligent hiring, retention, supervision, or training, the plaintiff must show that "the employer

knew or should have known of the employee's propensity for the conduct resulting in the

injury." *Yildiz v. PJ Food Serv., Inc*., 82 A.D.3d 971 (2d Dep't 2011).  "[T]here is no common-

law duty to institute specific procedures for hiring employees unless the employer knows of facts

that would lead a reasonably prudent person to investigate the prospective employee." *Id.*

(cleaned up).  The plaintiff has not cited any evidence to show that Delta had any reason to know

any of its employees had a propensity for the violent conduct the plaintiff alleges occurred — an

essential element for negligent hiring, retention, supervision or training under New York law.

*Flanagan v. Catskill Reg'l Med. Ctr.*, 65 A.D.3d 563, 566 (2d Dept. 2009) (reversing denial of

---

CV-297, 2023 WL 3751929, at *8 (W.D.N.Y. June 1, 2023) (quoting *Schetzen v. Robotsis*, 273 A.D.2d
220, 220–21 (2nd Dep't 2000)).

summary judgment where the record contained no evidence that the employer knew or should have known of the employees' propensity). (*See* ECF No. 14 at 15–31 (the plaintiff's Rule 56.1 counterstatement).)[9]

The defendant, on the other hand, cites record evidence that Anderson had worked for Delta for about a decade with "consistent[] recogni[tion] as one of the top one percent of 28,000 Delta flight attendants" and that Patterson had worked for Delta for over 20 years. (Def. 56.1 ¶¶ 3, 4, 20.) Further, the record shows that Anderson and Patterson had extensive training before they assumed their current positions, and that they regularly received updated training. (*See* ECF No. 17-6 at 9:21–10:24 (Patterson deposition) (discussing quarterly training); ECF No. 17-5 at 10:7–16:11 (Anderson deposition) (discussing his recurrent training every 18 months).)

Accordingly, summary judgment is proper as to the plaintiff's negligence claim against Delta.[10]

---

[9] To the extent the plaintiff is claiming that Delta is vicariously responsible for torts committed by its employees, that too cannot withstand summary judgment. Courts routinely dismiss vicarious liability claims against an employer arising out of an employee's unforeseeable tortious conduct. *Carnegie v. J.P. Phillips, Inc.*, 28 A.D.3d 599, 600 (2d Dept. 2006) (an employer bears no "vicarious liability where the employee's tortious conduct could not have been reasonably expected by the employer" (citation omitted)). The plaintiff has not pointed to any evidence that would show Delta should have reasonably expected tortious conduct from its employees.

[10] Because the Court finds that summary judgment is proper as to the claim against Delta because it fails as a matter of New York law, the Court need not address the defendant's arguments that summary judgment is also proper because the plaintiff assumed the risk or because his state law claims were preempted by the Federal Aviation Act ("FAA") or the Airline Deregulation Act ("ADA").

However, the Court is not persuaded by the defendant's citations to *Pipino v. Delta Air Lines, Inc.*, 196 F. Supp. 3d 1306, 1313 (S.D. Fla. 2016), or *Lozada v. Delta Airlines, Inc.*, No. 13-CV-7388, 2014 WL 2738529, at *6 (S.D.N.Y. 2014), for the proposition that this case is preempted under the FAA. In *Pipino*, the plaintiff conceded that she appeared intoxicated, rendering summary judgment proper. 196 F. Supp. 3d at 1314. And in *Lozada*, the plaintiff admitted that "she consumed alcoholic drinks at multiple establishments prior to boarding the plane, and she [did] not deny that she was intoxicated." 2014 WL 2738529, at *6. Here, the plaintiff emphatically contends otherwise, as he testified that he had not consumed any alcohol and that he did not appear intoxicated. (Def. 56.1 ¶¶ 7–11, 28, 31–32, 34–35 (responses).) Despite the defendant's argument that his testimony was self-serving, the Court must "draw all permissible factual inferences in favor" of him, the non-moving party, and should not "weigh" competing evidence. *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).

## CONCLUSION

For these reasons, Delta's motion for summary judgment is granted, and the claims against Delta are dismissed with prejudice.  The plaintiff's battery, assault, and negligence claims against John and Jane Doe are dismissed without prejudice.


**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
  July 25, 2024

---

Moreover, tortious acts like assault and battery can "be described as outrageous or unreasonable" and therefore are generally not subject to ADA preemption. *See Weiss v. El A. Israel Airlines, Ltd.*, 471 F. Supp. 2d 356, 362 (S.D.N.Y. 2006).